UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Michael Williams, *on behalf of himself and others similarly situated*, | : : : : : : : : : : : : : | Civil Action No.: 1:18-cv-2908 |
| Plaintiff, |  | Complaint – Class Action |
|  |  | JURY DEMAND |
| vs. |  |  |
| Comenity Bank, |  |  |
| Defendant. |  |  |

**Nature of this Action**

1. Michael Williams ("Plaintiff") brings this class action against Comenity Bank ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service,

1

without prior express consent, in that it places autodialed calls to wrong or reassigned cellular telephone numbers.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district and as a substantial part of the events giving rise to this action occurred in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Ashtabula, Ohio.

7. Defendant is a Delaware State FDIC-insured bank and a limited-purpose credit card bank located in Delaware.

8. Defendant offers credit programs with affiliated retail stores including, for example, Pottery Barn and Peebles.[1]

9. Defendant touts that more than 50 million cardmembers hold an account with one of its banks.[2]

10. Defendant is a subsidiary of Alliance Data Systems Corporation, which is publicly traded.

## Factual Allegations

11. Beginning in November 2018, Defendant placed more than 15 telephone calls to Plaintiff's cellular telephone number—(440)-XXX-0146.

---

[1] https://d.comenity.net/peebles/pub/Home.xhtml (last visited Dec. 18, 2018).

[2] https://about.comenity.net/about (last visited Dec. 18, 2018).

12. Plaintiff is the subscriber to, customary user of, and pays the monthly bill for, his cellular telephone number.

13. Plaintiff was assigned his cellular telephone number in January 2018.

14. Defendant placed its calls to Plaintiff's cellular telephone number from, among other numbers, (877) 475-3483, (913) 677-8324 and (614) 754-4137, each of which is assigned to Defendant.

15. Upon placing outbound calls to telephone numbers (877) 475-3483, (913) 677-8324 and (614) 754-4137, a prerecorded message states, "Thank you for calling Comenity . . . ."

16. Many of Defendant's calls to Plaintiff's cellular telephone number were accompanied by an artificial or prerecorded voice message.

17. By way of example, on November 17, 2018, Defendant left a prerecorded voice message on Plaintiff's cellular telephone referencing "Jeremiah Sawyer" in relation to a Peebles account.

18. Defendant left similar prerecorded messages on Plaintiff's cellular telephone—all referencing "Jeremiah Sawyer" and a Peebles account—on December 3, 2018, December 4, 2018, December 6, 2018, December 9, 2018, December 10, 2018, December 14, 2018, December 15, 2018, December 16, 2018, December 17, 2018, and December 18, 2018.

19. Plaintiff spoke with Defendant on at least one occasion in early November 2018, and informed Defendant that he was not "Jeremiah Sawyer," did not know "Jeremiah Sawyer," and that Defendant should stop calling his cellular telephone number.

20. No matter, Defendant's calls to Plaintiff's cellular telephone number continued.

21. Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

22. Defendant's credit applications include provisions allowing Defendant to place autodialed and prerecorded voice calls to consumers.

23. For example, in connection with an application for a Peebles credit card, Defendant states:

**Communicating to you about your Account**

If we need to contact you to service your Account or to collect amounts you owe to us, you give direct consent to us, as well as servicers, agents, independent contractors, contractors, debt collectors or collection agencies, and to anyone to whom we may sell your Account, to communicate with you in any way, such as calling, texting, or email via:

1. Your cell, landline, text number or any number you provide, use to contact us, or any number which you may utilize, or to any other device or service for which you may be charged for the call, including, but not limited to, Voice Over Internet Protocol ("VOIP");
2. Any email address you provide to us or any other person or company that provides any services in connection with this Agreement;
3. Automated telephone dialing systems;
4. Pre-recorded or artificial voice messages and any other form of communication.

You also agree that these communications aren't unsolicited for purposes of any state or federal law and you understand that communications may result in additional mobile, text message, data charges or other charges.[3]

24. Defendant uses, and has used, an Ayava Proactive Contact 5.1 system to place calls.

25. The Ayava Proactive Contact 5.1 system is a predictive dialer and an automatic telephone dialing system.

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

---

[3] https://d.comenity.net/peebles/pub/apply/ApplyIntro.xhtml (last visited Dec. 18, 2018).

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity to store numbers to be called, and to dial such numbers automatically.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

31. Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

32. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

33. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

34. Plaintiff is not, nor was, one of Defendant's customers.

35. Plaintiff does not, nor did, have a business relationship with Defendant.

36. Plaintiff does not, nor did, have a Peebles account or credit card.

37. Plaintiff does not know any person named "Jeremiah Sawyer."

38. Plaintiff did not give Defendant prior express consent to place calls to his cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

39. Plaintiff suffered actual harm as a result Defendant's calls at issue in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

40. As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

42. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *TCPA class 1*: All persons throughout the United States (1) to whom Comenity Bank placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Comenity Bank accountholder, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.
>
> *TCPA class 2*: All persons throughout the United States (1) to whom Comenity Bank placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification, (5) after Comenity Bank was instructed to stop placing calls to his or her telephone number.

43. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

44. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

45. The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

46. The proposed classes are ascertainable because they are defined by reference to objective criteria.

47. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

48. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of

Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

49. Like all members of the first proposed class, Plaintiff received autodialed calls from Defendant, without his consent, on his cellular telephone, in violation of 47 U.S.C. § 227.

50. Like all members of the second proposed class, Plaintiff received autodialed calls from Defendant on his cellular telephone, in violation of 47 U.S.C. § 227, after instructing Defendant to stop calling him.

51. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

52. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes that he seeks to represent.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

54. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

55. There will be little difficulty in the management of this action as a class action.

56. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

57. Among the issues of law and fact common to the classes are:

    a. Defendant's violations of the TCPA;

    b. Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

8

  c. Defendant's use of an artificial or prerecorded voice in connection with calls to cellular telephone numbers;

  d. Defendant's practice of calling wrong or reassigned cellular telephone numbers;

  e. Defendant's practice of continuing to place calls to cellular telephone numbers after being instructed to stop calling; and

  f. the availability of statutory damages.

58. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-58.

60. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without his consent.

61. Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without his consent.

62. Defendant further violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number after he instructed Defendant to stop calling him.

63. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the classes are entitled to damages in an amount to be proven at trial.

## Trial by Jury

64. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed classes without prior express consent;

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: December 18, 2018

s/ *Ronald S. Weiss*
Ronald S. Weiss (0076096)
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
Tel: (248) 737-8000
Fax: (248) 737-8003
ron@ronweissattorney.com

Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431

Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@gdrlawfirm.com

*to seek admission *pro hac vice*

Counsel for Plaintiff and the proposed classes